**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | |
|---|---|
| Frayne Aeron Wiskus, ) | |
| ) | |
| Petitioner, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | Case No. 1:08-cv-027 |
| Douglas Weber, Warden, ) | |
| South Dakota State Penitentiary, ) | |
| ) | |
| Respondent. ) | |

_____

Before the Court is the Petitioner's "Petition for a Writ of Habeas Corpus," filed on February 21, 2008. See Docket No. 1. The petitioner, Frayne Aeron Wiskus, was arrested on July 31, 2007, in Hettinger, North Dakota, on a South Dakota warrant, and subsequently imprisoned in South Dakota. Wiskus argues that he has been illegally imprisoned at the South Dakota State Penitentiary in Sioux Falls, South Dakota, since July 31, 2007, because he was arrested for a crime – aggravated assault on a United States Marshal – that he did not commit. Wiskus requests his release from prison on or by March 13, 2008, that he receive a hearing on his petition, and that counsel be appointed to represent him in these proceedings.

"A federal district court cannot entertain a habeas corpus petition if neither the petitioner nor his custodian is located within the court's geographical boundaries when the petition is filed." Borrero v. United States, 2007 WL 844639, at *1 (D. Minn. March 16, 2007) (citing United States v. Monteer, 556 F.2d 880, 881 (8th Cir. 1977)). Neither Wiskus nor his custodian was located within this Court's geographical boundaries when Wiskus filed his petition for writ of habeas corpus. Therefore, the Court cannot entertain Wiskus's petition. 28 U.S.C. § 1631 sets forth the requirements that must be met to transfer a case for want of jurisdiction:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed or noticed, and the action . . . shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

The purpose of 28 U.S.C. § 1631 is to assist an individual who may be confused about which court has subject matter jurisdiction, and to preserve his opportunity to present the merits of his claim, which risks being barred by the statute of limitations if it is dismissed for being filed in the wrong court.  Lopez v. Heinauer, 332 F.3d 507, 511 (8th Cir. 2003).  Without ruling on the merits of the petition, the Court finds that there is a lack of jurisdiction in this Court and that it is in the interest of justice to transfer this case to the United States District Court for the District of South Dakota.

**IT IS SO ORDERED.**

Dated this 25th day of February, 2008.

/s/ Daniel L. Hovland
Daniel L. Hovland, Chief Judge
United States District Court